IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| *for the use and benefit of* | : | |
| U.S. GLASS, INC. and | : | |
| XLE METALS, INC., | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| RONALD DUANE PATTERSON, et al., | : | NO. 12-2634 |
| Defendants | : | |

**ORDER**

**AND NOW**, this 12th day of December, 2013, upon consideration of the Plaintiffs' motion for summary judgment (Doc. 31), the Defendants' response (Doc. 37), the Plaintiffs' reply (Doc. 36), the Plaintiffs' supplemental motion for summary judgment (Doc. 42), the Defendants' response and cross-motion for summary judgment (Doc. 43 – "Memorandum in Support of Jury Trial"), and the Plaintiffs' reply (Doc. 44 – "Motion to Strike the Memorandum in Support of Jury Trial"), it is hereby **ORDERED** that:

1. Defendants' cross-motion for summary judgment in favor of Redi-Corp. (Doc. 43) is **GRANTED**.

2. Plaintiffs' motion for summary judgment (Docs. 31 & 42) is **GRANTED in part, DENIED in part, and ruling is withheld in part**:

    a. The motion is **DENIED** as to Plaintiff's claims against Redi-Corp.

    b. The motion is **GRANTED** as to XLE Metals, Inc.'s claim against Patterson.

    c. The Court defers ruling on the motion as to U.S. Glass, Inc.'s claim against Patterson pending supplemental briefing.

It is further **ORDERED** that:

1. Plaintiffs' Motion for Leave to File Reply (Doc. 36) is **GRANTED.**

2. Plaintiffs' Motions in Limine (Docs. 35 & 44) are **GRANTED.**

3. Plaintiffs' Motion to Strike (Doc. 45) is **DENIED.**

4. Because Defendant Patterson's Motion for Summary Judgment (Doc. 49) was filed out of time and cites only caselaw relating to tort liability and equitable indemnification, which have no bearing on a Miller Act surety's liability on a payment bond, the Motion is **DENIED.**

5. U.S. Glass, Inc. and Defendant Patterson shall each provide the Court with **supplemental briefing**, not to exceed five pages, which shall be docketed no later than **December 23, 2013.** Each party's brief shall address the following questions and support its argument with case law that is binding on this Court (and secondarily with case law from other federal circuits):

    a. Is an unsatisfied "pay-when-paid" subcontract provision a valid defense to a Miller Act claim against a surety pursuant to 40 U.S.C. § 3133(b)(1)?

    b. On the basis of the evidence submitted by the parties for purposes of summary judgment, is there a "genuine dispute," *see* F.R.C.P. 56(a), as to whether the government paid Aeroplate for U.S. Glass' invoices?

6. Trial in this matter shall be suspended pending the full resolution of Plaintiffs' motion for summary judgment.

BY THE COURT:

**/s/ L. Felipe Restrepo**
L. Felipe Restrepo,        J.
U.S. District Court