IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*for the use and benefit of*<br>U.S. GLASS, INC. and<br>XLE METALS, INC.,<br>            Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| V. | : <br> : | |
| RONALD DUANE PATTERSON, et al.,<br>            Defendants | : <br> : | NO. 12-2634 |

**MEMORANDUM**

**L. Felipe Restrepo, J.**                                                                            **January 31, 2014**

This is the second installment in a two-part opinion addressing the plaintiff subcontractors' motion for summary judgment in this Miller Act case. Over the course of the lawsuit, the plaintiffs and defendants have filed a number of motions for summary judgment, as well as supplemental briefing requested by the Court. The only issue that remains pending is the motion by plaintiff U.S. Glass, Inc. ("U.S. Glass") for summary judgment on its claim against Ronald Duane Patterson ("Patterson"). For the reasons that follow, that motion will be granted.

I.   **BACKGROUND**

This Court's most recent opinion in this matter recited the facts of the case at some length. *See U.S. ex rel. U.S. Glass, Inc. v. Patterson*, No. 12-2634, 2013 WL 6536448 (E.D. Pa. Dec. 12, 2013). In brief, the dispute arises from the renovation of a Veterans Administration Medical Center ("VAMC") in Philadelphia. Two subcontractors on the project, U.S. Glass and XLE Metals, Inc. ("XLE"), brought suit against the general contractor, Aeroplate Corp. ("Aeroplate"), and its Miller Act surety, Patterson, alleging non-payment for work performed and materials supplied. *See* Complaint (ECF Doc. 1). The plaintiffs eventually settled their

contract claims against Aeroplate, but maintained their Miller Act claims against Patterson, and have not yet received the payment allegedly due for their work. *See* Docs. 41 & 42.

In December of 2013, this Court granted summary judgment in favor of XLE on its claim against Patterson. *See U.S. ex rel. U.S. Glass, Inc*, 2013 WL 6536448 at *1; Docs. 52 & 53. As to U.S. Glass' claim, however, Patterson argued that the "pay-when-paid" clause in U.S. Glass's contract with Aeroplate precluded liability. According to Patterson, the government had never paid Aeroplate for U.S. Glass' work, such that Aeroplate was not actually liable to U.S. Glass – and therefore Patterson, as surety, was not either. I deferred ruling on U.S. Glass' motion for summary judgment in order to allow the parties to brief two issues: (1) whether a pay-when-paid clause is a valid defense to a Miller Act claim; and (2) if so, whether there is a genuine dispute as to whether Aeroplate received federal payment for U.S. Glass' work. The parties have submitted supplemental briefs addressing those issues. *See* Docs. 55 & 56.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has subject-matter jurisdiction pursuant to U.S. Const. Art. III §2 and 28 U.S.C. §§ 1345 and 1331. In ruling on a motion for summary judgment, a court must "construe the evidence in the light most favorable" to the non-moving party, *Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170, 176 (3d Cir. 2013), and grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine dispute' exists if a reasonable jury could find for the nonmoving party." *Zimmerman*, 706 F.3d at 176. Once the moving party has shown that there is no dispute of material fact, the non-moving party must proffer sufficient evidence to support a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); C. Wright, A. Miller, & M. Kane, 10B Fed. Prac. & Proc. Civ. § 2734 (3d ed.). "Rule 56(c)

mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

To establish a Miller Act claim, a subcontractor must show that (1) it supplied labor and materials for work provided for in the contract; (2) it has not been paid; (3) it has a good faith belief that the materials were intended for the specified work; and (4) the jurisdictional requisites are met. *See, e.g., U.S. ex rel Krupp Steel Prods., Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 980 (11th Cir. 1987); *U.S. ex rel Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.*, 750 F.2d 759, 761 (9th Cir. 1984); *see also United States v. Fid. & Deposit Co. of Md.*, 999 F. Supp. 734, 741 (D.N.J. 1998) (and cases cited therein); *cf. U.S. ex rel. E & H Steel Corp. v. C. Pyramid Enters., Inc.*, 509 F.3d 184, 186 (3d Cir. 2007) (describing Miller Act); 40 U.S.C. §§ 3131-3134.

As discussed in this Court's prior opinion, U.S. Glass has provided evidence sufficient to establish the elements of its Miller Act claim, which Patterson does not contest. *See U.S. ex rel. U.S. Glass, Inc.*, 2013 WL 6536448 at *4. Instead, Patterson asserts what is essentially an affirmative defense: He argues that U.S. Glass is not entitled to payment because its contract with Aeroplate includes a "pay-when-paid" provision, and the government never paid Aeroplate for the work that U.S. Glass performed.[1] This argument raised a threshold question of law: Can a contractual "pay-when-paid" clause provide a defense to a Miller Act claim?

The Third Circuit has not spoken to this issue. Two other circuit courts of appeal, however, have held definitively that it cannot. *See U.S. ex rel Walton Tech., Inc. v. Weststar*

---

[1] Pursuant to Section 7 of the contract, Aeroplate agreed "to pay the SUBCONTRACTOR upon the submission of periodic estimates, within fifteen (15) days of the date the CONTRACTOR is paid by the OWNER, or such period required by the CONTRACT DOCUMENTS . . . ." Doc. 31-2, p. 28.

3

*Eng'g, Inc.*, 290 F.3d 1199, 1208 (9th Cir. 2002) (holding that unsatisfied "pay-when-and-if-paid" clause in subcontract does not constitute defense for Miller Act surety unless it includes a "clear and explicit" waiver of subcontractor's Miller Act rights); *U.S. ex rel. T.M.S. Mech. Contractors, Inc. v. Millers Mut. Fire Ins. Co. of Tex.*, 942 F.2d 946, 949 n.6 (5th Cir. 1991) (holding that "pay-when-paid" clause in subcontract does not bar subcontractor's action against a Miller Act surety). All of the district courts to have considered the issue appear to have reached the same conclusion. *See U.S. ex rel. J.H. Lynch & Sons, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 783 F. Supp. 2d 294, 298 (D.R.I. 2011); *U.S. ex rel. Acoustical Concepts, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 635 F. Supp. 2d 434, 440-41 (E.D. Va. 2009); *Fixture Specialists, Inc. v. Global Const., LLC*, No. 07-5614, 2009 WL 904031, at *9 n.7 (D.N.J. 2009); *U.S. ex rel. McKenney's, Inc. v. Gov't Tech. Servs., LLC*, 531 F.Supp.2d 1375, 1379 (N.D. Ga. 2008); *U.S. ex rel. Straightline Corp. v. Am. Cas. Co. of Reading*, No. 06-11, 2007 WL 2050323, at *4 (N.D. W.Va. 2007); *Morganti Nat'l, Inc. v. Petri Mech. Co.*, No. 98-309, 2004 WL 1091743, at *11 (D. Conn. 2004).[2] Several of these cases have deemed it to be a "well established" or "well settled" point of law that a pay-when-paid clause does not constitute a defense to a subcontractor's Miller Act claim. *See, e.g., U.S. ex rel. J.H. Lynch & Sons, Inc.*, 783 F. Supp. at 298; *U.S. ex rel. Acoustical Concepts, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 635 F. Supp. at 440-41.

The reasoning of these decisions is persuasive. The Miller Act is "highly remedial in nature," and so "entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects." *U.S. ex rel Sherman v. Carter*, 353 U.S. 210, 216 (1957). "[C]ommon sense dictates that it would

---

[2] *See also* Steven J. Koprince, *The Slow Erosion of Suretyship Principles: An Uncertain Future for "Pay-When-Paid" and "Pay-If-Paid" Clauses in Public Construction Subcontracts*, 38 Pub. Cont. L.J. 47, 56 (2008) (noting that "[a]t least five federal courts have considered whether a Miller Act surety can enforce a conditional payment clause," and have all concluded that it may not).

defeat the policy underlying the Miller Act to read a pay-when-paid clause as precluding a subcontractor from bringing suit until its contractor receives payment." *U.S. ex rel. J.H. Lynch & Sons, Inc.*, 783 F. Supp. at 298. To enforce a pay-when-paid clause in this context would delay many claims beyond the Act's one-year statute of limitations, *see* 40 U.S.C. § 3133(b)(4), and would thus render the clause an implicit waiver of the subcontractor's Miller Act rights. Such waivers are void under the express terms of the Miller Act, which provides that

> [a] waiver of the right to bring a civil action on a payment bond . . . is void unless the waiver is--
> (1) in writing;
> (2) signed by the person whose right is waived; and
> (3) executed after the person whose right is waived has furnished labor or material for use in the performance of the contract.

40 U.S.C. § 3133(c); *see also U.S. ex rel. Walton Tech.*, 290 F.3d at 1208.

To enforce the pay-when-paid clause would therefore contravene the Act's terms. Put somewhat differently, the requirement that any waiver be executed after completion of the subcontractor's work would be meaningless if general contractors could simply craft sub-contract provisions that effectively preclude Miller Act suits. It is more logical to conclude, as the Ninth Circuit did, that "the liability of a surety and its principal on a Miller Act payment bond is coextensive with the contractual liability of the principal only to the extent that it is consistent with the rights and obligations created under the Miller Act." *Id.* at 1206.

Patterson has provided no case law to counter the authority canvassed above. The first decision his (untimely) brief cites is *Fixture Specialists, Inc. v. Global Const., LLC*, No. 07-5614, 2009 WL 904031 (D.N.J. 2009), which includes the statement that "[i]n such [Miller Act] cases, a surety *cannot* enforce a conditional payment clause in its principal's subcontract." *Id.* at *9 n.7 (emphasis added). None of the other decisions cited addresses the Miller Act at all. In view of the uniform authority, and given the policy goals of the Miller Act, this Court will likewise hold

that a Miller Act surety may not raise a pay-when-paid clause in a subcontractor's underlying contract as a defense to a Miller Act claim.

Furthermore, even if the pay-when-paid clause were a valid affirmative defense, Patterson has provided no evidence to support it. He has identified no evidence in the record showing that Aeroplate submitted invoices to the government for the work performed by U.S. Glass and that payment was withheld. It appears, on the basis of the interrogatory answers submitted by U.S. Glass, that no such evidence exists. *See* Doc. 55-2. Nor has he obtained deposition testimony from anyone with knowledge of Aeroplate's financial transactions with the government. There is simply no record evidence relating to this point, aside from the alleged statements of Aeroplate employees (to the effect that Aeroplate *did* receive payment) reported by U.S. Glass' president, Eileen Loftus. *See* Doc. 31-2, p. 60, ¶ 11. Because Patterson would bear the burden of proof on this defense at trial, his failure to make any showing in support of it is an alternative basis on which summary judgment must be entered. *See Celotex Corp.*, 477 U.S. at 322.

### IV. CONCLUSION

Construing the evidence in the light most favorable to Patterson, there is no genuine dispute as to any element of U.S. Glass' Miller Act claim. As a matter of law, the pay-when-paid clause in the U.S. Glass subcontract does not relieve him of liability. Finally, even if it did, there is no basis on which a jury could find that Aeroplate was never paid for U.S. Glass' work. The Court will therefore grant summary judgment in favor of U.S. Glass. An implementing order follows.